WIGGINTON, Judge
(dissenting).
I am unable to agree with the majority opinion because, in my view of the case, it is based upon a false concept of the issues involved in this proceeding, and turns on a theory not urged by the appellant either in the trial court or in this court, and was never considered or passed upon by the chancellor.
This suit was instituted by the Comptroller against Sesac, Inc., a New York corporation, which is engaged in the business of licensing the performing rights in compositions owned and controlled by Sesac. It is not engaged in business in the State of Florida, but transacts its business exclusively in the State of New York.
The Comptroller instituted this action in which he prayed for an injunction restraining Sesac from selling, licensing the use of, or in any manner whatsoever disposing of in this State the performing rights in any musical compositions until it complies with the provisions of Section 543.28, F.S.A., by paying the three per cent gross receipts tax levied thereby. The statute in question provides that:
“There is levied, and there shall be collected, a tax, for the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions in this state, in an amount equal to three per cent of the gross receipts of all such sales, licenses or other dispositions of performing rights in this state, payable annually to the state comptroller * *
The Comptroller contended in the trial court, and contends here, that under the facts disclosed by the record the contracts entered into between Sesac and its licensees in Florida were actually consummated within this State and therefore constituted a “selling, licensing, or otherwise disposing of performing- rights in compositions in this state” within the provision of the statute requiring payment of the questioned tax. Sesac took the position before the trial court, and takes the position here, that its licensing contracts were executed in the State of New York and not in the State of Florida, therefore, it is not engaged in “the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions in this state.”
In rejecting the Comptroller’s contention, and rendering summary judgment in favor of Sesac, the chancellor held:
“ * * * The initial question here is whether or not defendant is selling, licensing, or otherwise disposing of *755 performing' rights in compositions in this State. If not, there will be no need to consider the additional constitutional questions which have been raised by defendant.
“It is clear that the three per cent gross receipts tax imposed by § 543.28 is levied not on the use of the performing rights in Florida but on the selling, licensing or otherwise disposing of same in Florida. If the contracts entered into between defendant and third parties for the performing rights are made in Florida the rights are disposed of in Florida and the tax applies unless it violates constitutional rights of defendant; otherwise, it does not apply. Section 543.28, standing alone, could be subject to the interpretation that the tax is levied for the act or privilege of selling, licensing, or otherwise disposing of performing rights in compositions regardless of whether they are disposed of inside or outside of the State of Florida, provided the rights disposed of are rights to perform in Florida. The meaning of the statute is clarified, however, by considering it in pari materia with § 543.20, Florida Statutes, which makes it unlawful for any person to ‘sell, license the use of, or in any manner whatsoever dispose of, in this state, the performing rights * * * ’ (emphasis supplied) unless certain requirements are met. The phrase, ‘dispose of, in this state,’ is also used in §§ 543.24 and 543.25. From this it is clear that ‘in this state’ refers to the disposition of the performing rights rather than to the place of use of such rights.
“It is apparent that the contracts here entered into between defendant and third parties which dispose of performing rights are made not in Florida but in the state of New York. The form of contract (or license, as it is styled by defendant) is completed in each instance by defendant in New York, except for signatures, and is then forwarded to a prospective purchaser in Florida. Such is not an offer at this point, as the form of contract has not been executed by defendant. It, therefore, can only amount to a negotiation of or suggestion of terms of a contract. If the form and terms are satisfactory to the Florida purchaser, he executes it and returns it by mail to New York for execution by defendant. It then becomes an offer and, when accepted by defendant and delivered, becomes a contract disposing of the performing rights. The contract or license, by its terms, is not valid until executed by one of several designated officers of defendant. Upon such execution an executed copy thereof is returned by mail to the Florida purchaser.
“Plaintiff contends that execution by-defendant in New York is a condition-subsequent; that defendant’s failure to execute would invalidate an already existing contract; that the original' mailing of the unsigned form of contract by defendant to a prospective purchaser is an offer which becomes a. contract when signed by the purchaser.. The instrument, however, never becomes a contract, sale, licensing or disposition -of rights until executed and delivered by defendant and, therefore, prior to such execution there can be no condition subsequent.”
In concluding that the licensing contracts, of Sesac under which it sells or disposes, of performing rights to musical compositions to be performed in Florida were fully-executed in the State of New York, the-chancellor adhered to the “deposited acceptance rule” first announced in this State by the Second District Court of Appeal ia Morrison v. Thoelke.[1]
In the supplemental statement contained in the Comptroller’s brief filed in this court,. *756 he points up the sole and only question which is presented for our decision in the following language, to wit:
“No attempt has been made herein to treat any question other than the correctness of the Lower Court’s decree relating to the proposition of whether the Defendant was selling, licensing or otherwise disposing of performing rights in musical compositions in this state, inasmuch as the said decree was directed solely to this proposition.” .
The majority opinion rendered by this court agrees with and confirms the ruling of the chancellor that the sale or other disposition by Sesac of licenses to performing rights in musical compositions in this State did not occur in Florida, but under the “deposited acceptance rule” occurred in the State of New York. In so holding this court has aligned itself with the Second District Court of Appeal in adopting the “deposited acceptance rule” as the correct rule of law to be followed in Florida as set forth in the Morrison decision, supra. In so holding this court has rejected the theory and argument advanced by the Comptroller that the licensing contracts by Sesac are actually consummated in the State of Florida and therefore taxable as constituting an act or privilege of selling and licensing in this State of performing rights in composition. Such holding by this court effectively and completely disposes of the only issue presented to it for decision, and affirms the ruling of the trial court on the only issue before it for adjudication.
The majority opinion does not stop here, but proceeds to hold that the statute does not purport to levy a tax on the act or privilege of doing business in the State of Florida, but that the tax shall be imposed upon persons doing business outside the State of Florida if such business results in the performance within this State of musical compositions. Such ruling constitutes a strained and tortured construction of the statute under consideration. If the intent of the legislature was to levy a tax under the construction placed upon the statute by the majority opinion, it seems clear to me that the statute would be unconstitutional in its entirety. It seems equally clear that the intent of the legislature was to impose a three per cent gross receipts tax for the act or privilege of engaging in business in Florida, when such business consists of the selling, licensing, or otherwise disposing of performing rights in compositions, whether or not such compositions are to be performed inside or outside the State of Florida. The situs of the performance or exhibition is wholly immaterial, the controlling factor being whether the situs of the business transaction itself is within or without the State of Florida. If inside the State of Florida, a tax on the gross receipts of such business is payable. If outside the State, no tax is payable. This is the construction, and I believe the correct one, placed on the statute by the chancellor.
I would affirm the decree appealed.

. Morrison v. Thoelke, (Fla.App.1963) 155 So.2d 889.